**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

United States of America,          )          **CASE NO. 4:03 CR 001**
                                                      )
                    Plaintiff,          )          **JUDGE PATRICIA A. GAUGHAN**
                                                      )
          vs.                              )
                                                      )
Richard B. White, et al.,          )          <u>**Memorandum of Opinion and Order**</u>
                                                      )
                    Defendants.          )

<u>**INTRODUCTION**</u>

This matter is before the Court upon Defendant Michael Suhadolnik's Request for

Evidentiary Hearing to Present A Further Factual Basis to Support Motion for New Trial Based

On Newly Discovered Evidence and Alternative Motion for New Trial Based on Newly

Discovered Evidence (Doc. 261) and the Motion for New Trial & Evidentiary Hearing (Doc.

264) filed by defendant White.  Also before the Court is Defendant Michael Suhadolnik's

Motion for Bond Based on Newly Discovered Evidence (Doc. 262).  Defendants were indicted

as a result of their alleged involvement in medicare fraud and each was convicted by a jury of at

least one felony.  For the reasons that follow, the motions are DENIED.

1

**FACTS**

Only those facts necessary for a resolution of the pending motions will be set forth herein.

Defendant White was indicted and convicted of fourteen counts stemming from his involvement in a scheme to defraud medicare.  Defendant Suhadolnik was similarly indicted, but was acquitted of all counts other than wire fraud.

Prior to trial, the government identified Charles Potter as a potential expert witness in this case.  Mr. Potter is employed by IntegriGuard.  Although identified as a potential expert, the government did not produce any expert report or opinion.  Nor did the government call Mr. Potter to testify at trial.  Defendant White, on the other hand, called Eva Jo Sparks to testify as an expert on his behalf.  Sparks prepared a report, which was provided to the government by defense counsel.

After the government failed to call Potter as an expert, defendants filed a motion to compel, seeking documents in Potter's possession.  According to the motion, Potter acknowledged receiving "boxes of documents."  Defendants further pointed out that IntegriGuard appeared to "take credit" on its website for the ultimate resolution of this matter.  Thus, defendants argued that, contrary to the government's representation, Potter must have performed some work in relation to this case.  In response, the government indicated that it contacted Potter as a "sounding board" regarding the government's theory of the case.  It did not, however, ask Potter to review evidence or comment on sentencing issues or loss determinations.  The Court denied defendants' motion.

Thereafter, White received a response to a Freedom of Information Act ("FOIA") request

2

issued to the Department of Health and Human Services ("DHHS") seeking information regarding IntegriGuard.  The response indicated that approximately 57,000 pages of responsive documents exist.  The cost to review the documents totaled $8900.00.  As a result of the prohibitive cost, defendants did not review these materials.  Defendants, however, filed motions for new trials arguing that the sheer volume of documents, together with the comments made on IntegriGuard's website, indicate that a *Brady*[1] violation occurred.  According to defendants, the existence of the documents belied the government's representation that it used Potter only as a "sounding board."   The Court carefully reviewed defendants' motions and concluded that defendants failed to establish the occurrence of a *Brady* violation because there was simply no evidence that the documents contained any exculpatory or impeaching information.  Nor was there evidence that any of the documents were provided to IntegriGuard by counsel representing the government in this case.[2]  Accordingly, the motions were denied.

Defendants claim that, subsequent to the denial of their motions, newly discovered evidence has arisen warranting a new trial.  Sparks, on behalf of defendant White, submitted a second FOIA request to DHHS.  This request specifically sought documents that pertain to this case.  After a FOIA appeals process, Sparks ultimately received certain documents, including an altered copy of Sparks's expert report.  In addition, Sparks received two internal emails from Mutual of Omaha indicating that Potter worked on this case as an "investigator."  DHHS refused

---

[1]     *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[2]     IntegriGuard assisted the government in a related case pending in another district.

3

to produce various responsive documents[3] on the grounds that disclosure is protected by either the deliberative process privilege, attorney-client privilege or both.  During her attempt to obtain relevant documents, Sparks spoke with Sharon Davis, an Expedited Processing Specialist working on behalf of DHHS.[4]  According to Sparks's affidavit, Davis informed Sparks that certain documents were withheld based on privacy issues, while others were withheld because their production may incriminate the government officials that investigated this case.[5]

Following Sparks's FOIA request, counsel for defendant Suhadolnik submitted a separate FOIA request.  Counsel received the altered copy of the Sparks report as well as a copy of one of the government's briefs filed in this case.  Although the response differed slightly from the response received by Sparks, DHHS withheld certain documents based on the deliberative process and attorney-client privileges.  Counsel also attempted to confirm that the altered report was received by IntegriGuard from the United States Attorney's office for this district.  IntegriGuard's counsel would neither confirm nor deny who sent it the report.  Instead, defense counsel was told that IntegriGuard had referred the matter to Assistant United States Attorney James Lynch.    Defendants again move for new trials.  In the alternative, defendants ask the Court to hold an evidentiary hearing in order to present additional evidence in support of their motions.  The government opposes defendants' motions for new trials.

---

[3]    It appears that DHHS withheld approximately 34 pages from production.

[4]    It appears that the Centers for Medicare & Medicaid Services ("CMS") process FOIA requests received by DHHS that relate to Medicare.

[5]    It appears that initially Sparks was informed that 400 responsive documents existed.  It is unclear whether any part of these 400 documents were subject to the FOIA appeal process.

4

## ANALYSIS

Defendants argue that they are entitled to new trials based on newly discovered evidence.

Rule 33 of the Federal Rules of Criminal Procedure permits this Court to grant a new trial "if the interest of justice so requires."  As noted by the Sixth Circuit, however, "[m]otions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution."  *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000).  Ordinarily, a defendant seeking a new trial based on newly discovered evidence must establish the following,

> (1) the evidence was discovered after trial;

> (2) the evidence could not have been discovered earlier with due diligence;

> (3) the evidence is material and not merely cumulative or impeaching; and

> (4) the evidence would likely produce an acquittal.

*United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997).

> However, when the defendant asserts that the new evidence at issue is exculpatory evidence which the government failed to turn over in violation of *Brady*, he 'should not have to satisfy the severe burden of demonstrating that the newly discovered evidence probably would have resulted in acquittal.'  Rather, the defendant must show only that the favorable evidence at issue was 'material' with 'materiality' defined according to opinions interpreting the *Brady* doctrine.

*Id*. at (citations omitted).

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." For a *Brady* violation to have occurred, the "evidence at issue must be favorable to

5

the accused, either because it is exculpatory, or because it is impeaching...and prejudice must have ensued." *Spirko v. Mitchell*, 368 F.3d 603, 610 (6th Cir. 2004)(*quoting Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). In addition, the evidence must be material to guilt. *See United States v. Phillip*, 948 F.2d 241, 249 (6th Cir. 1991)(*quoting Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)). "Evidence is material 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id*. "A reasonable probability of a different result is...shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)(*quoting United States v. Bagley*, 473 U.S. 667, 678 (1985)).

Although slightly unclear, it appears that defendants argue that they are entitled to a new trial because the government withheld the existence of the altered Sparks report.[6] The Court finds that this evidence is not *Brady* material. As an initial matter, the Court finds that the altered report is neither exculpatory nor impeaching. Defendants themselves prepared the original Sparks report, which was introduced at trial. The fact that the government may have redacted certain portions of the report and provided it to Potter is simply not relevant to any issue in this case. Potter did not testify at trial and, as such, the document cannot be used for purposes of impeachment. It appears that defendants are claiming that they would have called Mr. Potter as a witness had they known he was in possession of the altered report. This Court rejects

---

[6]    Defendants go to great lengths to describe what they claim are misrepresentations by the government's attorney in this case. The Court will address these allegations in connection with defendants' contention that the government committed fraud on the Court. For purposes of *Brady*, however, the Court will address the newly discovered evidence identified by defendants. These issues, however, often overlap in defendants' briefs.

defendants' contention.  First, defendants indicate that they made efforts to contact Mr. Potter, but he refused to return their calls.  In addition, Mr. Potter is beyond the subpoena power of this Court.  Moreover, there is simply no indication that Mr. Potter would have testified favorably to the defendants had he been called as a witness.  To the contrary, as defendants themselves indicate, Mr. Potter took credit for the convictions in this case.  Thus, it is impossible to conclude that the government's failure to turn over the altered report somehow undermines the confidence in the outcome of the trial.

Defendants also point out that an email exists in which Potter's firm indicates that he worked as an "investigator" on the case.  This email falls far short of establishing a *Brady* violation.  There is simply nothing exculpatory about the contents of this document.  It contains no facts relevant to this matter.  Nor does it contain any impeaching information.[7]

Although not expressly stated, it appears that defendants are asking this Court to infer that a *Brady* violation may have occurred as evidenced by the government's trial tactics in this case.  Specifically, defendants suggest that the *failure* to call Mr. Potter as a witness somehow results in a violation of *Brady*.  Defendants argue that Mr. Potter received a redacted version of the Sparks report, worked as an "investigator," yet did not appear at trial.  Defendants imply that the government did not call Mr. Potter because his testimony would have been favorable to defendants.  There are, however, a myriad of reasons why the government may have opted not to call Mr. Potter as a witness and there is simply no evidence that his testimony would have

---

[7]     While the Court addressed each piece of evidence separately, the Court is careful to note that it has also considered the evidence collectively.  The Court is convinced that when viewed as a whole, defendants fail to establish that a *Brady* violation occurred in this matter.

7

favored defendants.  As this Court has noted in previous orders in this case, "the *Brady* rule is

not an evidentiary rule which grants broad discovery powers to a defendant and [ ] there is no

general constitutional right to discovery in a criminal case." *United States v. Todd*, 920 F.2d 399,

405 (6th Cir. 1990)(internal quotations omitted).  The defendants will not be permitted to go on a

fishing expedition in an attempt to discover what information, if any, Mr. Potter may have

regarding this case.

Defendants also argue that the government committed "fraud" on the Court and, as such,

they are entitled to a new trial.  According to defendants, the government repeatedly

misinformed the Court as to the nature of Mr. Potter's work on this case.  Specifically, the

government indicated that it used Mr. Potter only as a "sounding board" when, in fact, the emails

obtained by defendants indicate that Mr. Potter worked as an "investigator."  In addition,

defendants argue that the government informed the Court that it did not provide Mr. Potter with

any documents relevant to this case.  Contrary to the government's representation, Mr. Potter

possessed, at a minimum, the altered report and a copy of a brief prepared by the government in

this case.

The government disputes that it committed fraud upon the Court.  According to the

government, it did not ask Mr. Potter to provide an opinion in this case.  Instead, the government

spoke with Mr. Potter from time to time and discussed various issues in the case.  The

government admits that it provided Mr. Potter with the altered report.  The government's

attorney indicates that he simply forgot about the incident because it was minor and of little

significance.  The government further indicates that whether it produced the altered report is not

relevant because it has no bearing on whether defendants are entitled to a production of records.

8

As the Sixth Circuit noted,

Fraud on the Court is a somewhat nebulous concept usually discussed in civil cases.  No Court system can function without safeguards against actions that interfere with its administration of justice.  This concern must be balanced against the necessity for finality of court judgments; thus, only actions that actually subvert the judicial process can be the basis for upsetting otherwise settled decrees.

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1994).

Upon review, the Court finds that defendants fail to establish that the government committed fraud upon the Court entitling them to a new trial.  Simply put, the Court finds that the judicial process was not subverted by the government's misstatement concerning the sharing of the altered Sparks report.  This Court's previous rulings were based primarily on the fact that the "evidence" relied on by defendants does not constitute *Brady* material.  The government's misstatement does not change this Court's conclusion in this regard.  As such, the Court finds that defendants' contention that counsel for the government committed fraud on the Court must be rejected.

Based on the evidence and arguments submitted by the parties, the Court finds that defendants fall far short of establishing that they are entitled to a new trial.  Accordingly, the Court finds that a hearing would serve no purpose.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant Michael Suhadolnik's Request for Evidentiary Hearing to Present A Further Factual Basis to Support Motion for New Trial Based On Newly Discovered Evidence and Alternative Motion for New Trial Based on Newly Discovered Evidence is DENIED.  In addition, the Motion for New Trial & Evidentiary Hearing filed by

9

defendant White is DENIED.  Having so concluded, Defendant Michael Suhadolnik's Motion

for Bond Based on Newly Discovered Evidence (Doc. 262) is DENIED.

      IT IS SO ORDERED.




                         /s/ Patricia A. Gaughan

                         PATRICIA A. GAUGHAN

                         United States District Judge

Dated: 2/6/06